[No. 11485.   Department Two.   December 20, 1913.]

*In the Matter of the Guardianship of* NELS MARTENSON.
ANDREW MARTENSON, *Appellant,* v. GEORGE R. GARDNER
*et al., Respondents.*[1]

INSANE PERSONS—GUARDIANS—APPOINTMENT — DISCRETION.   It is
not an abuse of discretion to refuse to appoint a brother, in prefer-
ence to a stranger, as the guardian of an insane person, where it
appears that there had been a misappropriation of his estate, and
the property would probably not be recovered if the brother had
been appointed.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered October 19, 1912, appointing
a guardian upon a contested hearing before the court.
Affirmed.

*H. W. Lueders,* for appellant.

*Everal R. Vaughn* and *F. W. Greenman,* for respondents.

FULLERTON, J.—On September 23, 1912, one Everal R.
Vaughn petitioned the superior court of Pierce county to ap-
point a guardian for the estate of Nels Martenson, alleging
in the petition that Martenson was an insane person, incar-
cerated in the state insane asylum at Steilacoom, Washington;
that he had personal and real property situated in Pierce
county which needed the care and attention of some proper
person as guardian. The petition further alleged that one
George R. Gardner was a suitable and proper person to be ap-
pointed as such guardian. On the filing of the petition, the
court fixed a time and place for hearing the same, of which
due notice was given as required by statute. At the time fixed
for the hearing, Andrew Martenson, a brother of the insane
person, appeared and contested the proceeding, averring in
his pleadings that no necessity existed for appointing a
guardian over his brother's estate, but that, if the court
deemed such an appointment necessary, he himself was a suit-

[1]Reported in 137 Pac. 340.

able and proper person to be appointed such guardian, and prayed for his own appointment. A hearing was had on the issues thus made, resulting in the appointment of the person named in the original petition. From the order of appointment made, the contestant appeals.

The evidence introduced at the hearing was brief, but brief as it is, it does not require a special review. Enough appears to show that there had been a probable misappropriation of the insane person's estate, and that it was not likely that the property misappropriated would be returned if the contestant was appointed guardian. Conceding that, under normal conditions, a brother has a preference right, over a person not so related, to be appointed guardian of his insane brother's estate, we find in the appointment here made no abuse of discretion on the part of the court.

The order appealed from is affirmed.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.